**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4175**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH JOVAN BARRETT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00223-NCT-1)

Submitted: July 18, 2008          Decided: August 13, 2008

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Jovan Barrett pled guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to ninety-three months in prison. He now appeals, contending that his sentence violates the Sixth Amendment because his advisory Guidelines range was based in part on facts found by the judge based on a preponderance of the evidence. We affirm.

Barrett's probation officer assigned a base offense level of 14. See U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(6)(A) (2007). Four levels were added because Barrett possessed the firearm in connection with another felony offense. See USSG § 2K2.1(b)(6). Six levels were added because the offense involved an assault on a law enforcement officer. See USSG § 3A1.2(c)(1). Three levels were subtracted based on Barrett's acceptance of responsibility. See USSG § 3E1.1. Barrett's total offense level was 21, his criminal history category was VI, and his advisory Guidelines range was 77-96 months in prison.

At sentencing, Barrett objected to the factual description of the offense in the presentence report (PSR) and to the enhancements for assault and using the firearm in connection with another felony. The district court heard testimony from Officer Joseph Sellers of the Sanford Police Department. Sellers testified that when he reached to pat down the right side of

Barrett's body following a traffic stop, Barrett pulled out a firearm. The men struggled and fell to the ground. During the altercation, Barrett said to Sellers, "I'm going to shoot you. I'm going to kill you." Barrett fled the scene after Sellers pulled out his own weapon.

On the basis of this testimony, the district court found by a preponderance of the evidence that the enhancements applied, and the court adopted the PSR. Barrett now contends that the enhancements were erroneously applied because the facts supporting them were neither admitted by him nor found by a jury beyond a reasonable doubt. We have held that a district court does not violate the Sixth Amendment by making such factual findings by a preponderance of the evidence as long as the factfinding does not enhance the sentence beyond the maximum term specified in the statute of conviction. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). See also Rita v. United States, 127 S. Ct. 2456, 2465-66 (2007). Barrett's sentence does not exceed the ten-year statutory maximum to which he was subject. See 18 U.S.C. § 924(a)(2) (2000).

Barrett's sentence is procedurally and substantively reasonable, and the district court did not abuse its discretion in imposing sentence. See United States v. Gall, 128 S. Ct. 586, 594-97 (2007) (stating standard of review). Accordingly, we affirm. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED